# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA TINDLE AND JAYDEN TINDLE,<br><br>Plaintiffs,<br><br>vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION AND DOES 1-100,<br><br>Defendants. | Case No.: 2:25-cv-01290-GW-JC<br><br>*Assigned for All Purposes to:*<br>*Honorable George H. Wu*<br>*Courtroom 9D*<br><br>**[DISCOVERY MATTER]** before Magistrate Judge Jacqueline Chooljian<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>**[NOTE: CHANGE MADE BY COURT TO PARAGRAPH 5(B)]** |

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

The parties in this action pending in the Central District Court of California, captioned *Tara Tindle v. Novartis Pharmaceuticals Corporation*, Case No. 2:25-cv-01290 (the "Litigation"), anticipate that during the course of the Litigation documents and/or information of a sensitive, private, and confidential nature may be produced in the course of discovery or otherwise disclosed or provided, and the parties wish to protect the confidentiality of such documents or information while ensuring that discovery may be pursued with a minimum of delay and expense.

Therefore, the parties Tara Tindle and Jayden Tindle and Novartis Pharmaceuticals Corporation hereby stipulate to the following Stipulated Protective Order Regarding Confidential Information ("Protective Order"), subject to Court approval:

**1. SCOPE OF PROTECTIVE ORDER**

(a) The protection of this Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "materials") produced or created in this action that contain Confidential Information. As used herein, the term "Confidential Information" includes testimony and records, including but not limited to discovery responses, whether hardcopy or electronic, that contain confidential and/or proprietary trade secret information, including, but not limited to, technical and competitively sensitive information protected by law, and information protected by California's constitution and common law right to privacy. As set forth below, materials containing Confidential Information may be designated by placing or affixing the words "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL" designation. Such designation may be made by any Party or non-party producing materials in this action ("Producing Party"), or may be made by a Party who determines, in good faith, that materials produced by a non-party contain

1 Confidential Information ("Designating Party") even though not so designated by the
2 Producing Party.

3          (b)     For the purposes of this Protective Order, "Confidential Material"
4 shall also include any Protected Data, as defined hereinafter. Certain Protected Data
5 may be subject to alternative or additional protections beyond those afforded
6 Confidential Information, in which event the parties shall meet and confer in good
7 faith, and, if unsuccessful, shall move the Court for appropriate relief.

8          (c)     "Protected Data" shall refer to any information that a party
9 reasonably believes in good faith to be subject to federal, state or foreign data
10 protection laws or other privacy obligations. Protected Data constitutes highly
11 sensitive materials requiring special protection. Examples of such data protection
12 laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801
13 et seq. (financial information); The Health Insurance Portability and Accountability
14 Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part
15 164 (medical information); Directive 95/46/EC of the European Parliament and of
16 the Council of 24 October 1995 on the Protection of Individuals with Regard to the
17 Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J.
18 (L281/31) (European Union personal information); Regulation (EU) 2016/679 of the
19 European Parliament and of the Council of 27 April 2016 on the Protection of Natural
20 Persons with Regard to the Processing of Personal Data and on the Free Movement
21 of Such Data, and repealing Directive 95/46/EC (General Data Protection
22 Regulation) (L119/1) (EU personal information); Data Protection Act 1998 (c. 29)
23 (United Kingdom personal information); the Spanish Data Protection Act 1/1999; the
24 Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing
25 of Personal Data (Belgium personal information); The Federal Law on Protection of
26 Personal Data held by Private Parties (published July 5, 2010) (Mexico personal
27 information); and The Act on the Protection of Personal Information (Law No. 57 of
28 2003) (APPI) (Japan personal information); the Federal Data Protection Act of 1992

(Swiss personal information); and Personal Information Protection and Electronic Documents Act (S.C. 2000 c. 5) (PIPEDA) (Canada personal information); Genetic Information Non-discrimination Act of 2008 (GINA) (biometric information); The Swiss Federal Act on Data Protection of 19 June 1992 (FADP) and the Swiss Revised Federal Act on Data Protection of 25 September 2020 (Revised FADP).

Generally, "Personal Data" shall mean all information relating to an identified or (directly or indirectly) identifiable natural person ("Data Subject") originating from or processed in, inter alia, Switzerland or the European Union/European Economic Area. "Personal Data" includes, but is not limited, to the Data Subject's name, location data (such as an address or a phone number) or online identifiers (such as email or IP addresses).

(d)     In the event that additional Parties join or are joined in this litigation, they shall not have access to materials designated as "CONFIDENTIAL" pursuant to this Protective Order until they have executed and, at the request of any Party, filed with the Court their agreement to be bound by this Protective Order.

## 2. DESIGNATION OF MATERIALS AS CONFIDENTIAL

(a)     "CONFIDENTIAL" materials shall include only such information as the Producing or Designating Party in good faith contends should be protected pursuant to this Protective Order on the grounds that the information is properly subject to protection under existing California or federal law.

(b)     In making the designation of materials pursuant to this Protective Order, the Producing or Designating Party shall give due consideration to whether the information contained in the materials (1) has been produced, disclosed, or made available to the public in the past, (2) has been published, communicated or disseminated to others not obligated to maintain the confidentiality of the information contained therein, (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality, or (4) is available from a third party or commercial source that is not obligated to maintain its confidentiality or privacy. The Producing or

Designating Party shall also give due consideration to the age of the materials.

(c) The protection of this Protective Order may be invoked with respect to materials in the following manner:

i. Documents when produced or otherwise designated shall bear the clear and legible designation "CONFIDENTIAL" on each page of the document, except that in the case of multi-page documents bound together by staple or other permanent binding, the "CONFIDENTIAL" legend need only be affixed to the first page in order for the entire document to be treated as Confidential Information.

ii. Documents produced in this litigation prior to the entry of this Protective Order and already designated as Confidential Information pursuant to confidentiality agreements among any or all parties shall fall under the protection of this Protective Order. Documents produced prior to the entry of this Protective Order but not yet designated as Confidential Information may be designated as "CONFIDENTIAL" within thirty (30) days after entry, and documents produced by non-parties may be designated as "CONFIDENTIAL" by a Party within thirty (30) days after such production.

iii. As to medical records, the party collecting the records shall designate any and all medical records as "CONFIDENTIAL" upon receipt. All medical records produced or received in the Litigation shall be treated as "CONFIDENTIAL" regardless of the patient or persons referred to in this record, and regardless of whether the medical records were produced or received before or after the date this Stipulated Protective Order was executed.

iv. As to discovery requests or the responses thereto, the pages of such requests or responses containing Confidential Information shall be marked "CONFIDENTIAL," and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Information."

v. As to deposition testimony, "CONFIDENTIAL" treatment may

be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific testimony as "CONFIDENTIAL" and serving such designations within thirty (30) days of receipt of the deposition in which the designations are made. All deposition testimony shall be treated as "CONFIDENTIAL" pending receipt of a transcript of the deposition.

### 3. CHALLENGES TO "CONFIDENTIAL" DESIGNATION

(a) Any Party believing materials designated as "CONFIDENTIAL" by another is not entitled to such designation shall notify the Producing or Designating Party of that belief in writing, provide a brief statement of the basis for that belief with service on all other Parties, and allow ten (10) days for the Producing or Designating Party to respond.

(b) If a Producing or Designating Party does not modify its designation of the materials in response to a notice pursuant to paragraph 3(a) of this Protective Order, then the Party challenging the "CONFIDENTIAL" designation may move the Court for an order modifying or removing such designation. To maintain "CONFIDENTIAL" status, the burden shall be on the proponent of confidentiality to show that the material or information is entitled to protection under applicable law. Unless and until a "CONFIDENTIAL" designation is voluntarily withdrawn by the Producing or Designating Party, or the Court issues an order modifying or removing such designation, the provisions of the Protective Order shall continue to apply.

### 4. DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL

(a) Materials designated as "CONFIDENTIAL," as well as summaries, excerpts and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order. Materials designated "CONFIDENTIAL" shall be used solely in the preparation for trial and/or trial of the Litigation and shall not be used at any time for any other purpose.

(b) **Persons Required to Execute an Agreement to Be Bound.**

Materials designated as "CONFIDENTIAL" may be disclosed to the following persons and entities only after they have executed the "Acknowledgement and Agreement to be Bound," attached hereto as **Exhibit A**:

    i. Any expert or consultant who is retained by any of the Parties or their counsel of record to assist counsel in the Litigation, and any employee of such an expert assisting in the Litigation (hereafter, "Experts");

    ii. Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

    iii. Any person called to testify as a witness either at a deposition or court proceeding in the Litigation, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness.

    iv. Other attorneys of record in other pending lawsuits against Novartis involving a claim of injury caused by terbutaline/Brethine® ("Sharing Attorneys"), provided the following conditions are met:

        1. Each Sharing Attorney shall sign Exhibit A and agree to be subjected to the jurisdiction of this Court for enforcement of the Protective Order prior to receiving any Confidential Information.

            a. The executed Exhibit A, identifying the name of counsel who will be receiving the shared documents, and the name of the case(s) for which that counsel is counsel of record, will be provided to Novartis' counsel five (5) business days before any Confidential Information is given to the Sharing Attorney. Within five (5) business days of receipt of Exhibit A, Novartis' counsel will advise Plaintiffs' counsel if it has any objection to the sharing of

documents because the identified counsel does not have a case within the scope of the sharing provision. If the Parties cannot agree on whether a Sharing Attorney is entitled to receive the Confidential Information, Novartis may move the Court to preclude the sharing of such information within ten (10) days of receipt of Exhibit A.

2. Upon request, each Sharing Attorney shall provide the original or a copy of the executed Exhibit A to the counsel in this Action who provided the Confidential Information to the Sharing Attorney.

3. Counsel for all Parties to this Action shall maintain the originals and/or copies of the Exhibit A that are executed by Sharing Attorneys.

4. Sharing Attorneys shall only use Confidential Information for purposes of the specific case or cases for which the Sharing Attorney is counsel of record or for purposes related to this Action; and

5. Sharing Attorneys shall not further share Confidential Information with anyone other than the category of persons or entities described in Paragraph 4, for the specific case or cases for which the Sharing Attorney is counsel of record, and only after the persons or entities have executed Exhibit A. Sharing Attorneys shall not further share Confidential Information with any counsel, person, or entity not described herein.

(c) **Persons Not Required to Execute an Agreement to Be Bound.**

Materials designated as "CONFIDENTIAL" may be disclosed to the following

persons and entities, without the requirement that they execute an "Acknowledgement and Agreement to be Bound," attached hereto as **Exhibit A**, as follows:

      i. Any person who created a document or was the recipient thereof;

      ii. The Court, its clerks, and its research attorneys;

      iii. The Parties, officers, and employees of the Parties assisting counsel in the preparation of the case for trial, motion practice, or appellate proceedings, provided that the material designated as "CONFIDENTIAL" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

      iv. Outside counsel actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting the Litigation;

      v. In-house attorneys employed by any Party and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

      vi. Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

      vii. Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms;

      viii. Court personnel of the Central District of California, or, if on appeal, of the U.S. Court of Appeals for the Ninth Circuit; or the U.S. Supreme Court;

      ix. Jurors in this case; and

      x. The Food and Drug Administration, to the extent NPC is required to disclose any Confidential Material by law.

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

(d) Counsel disclosing "CONFIDENTIAL" materials to persons required to execute the attached Acknowledgement and Agreement to be Bound shall retain and preserve all executed agreements and shall provide copies of those agreements to the opposing party if the Court so orders upon a showing of good cause.

(e) Personally identifiable information that a Party has designated as Protected Data based on its reasonable and good faith belief that the information is subject to federal, state or foreign data protection laws, data privacy laws, or other privacy obligations, or any of the information contained therein, shall be handled by the receiving Party with highest care, including but not limited to the procedures that they would employ to protect their own personally identifiable information; and the documents produced shall be stored and secured in a manner designed to prevent access to persons other than the above-listed permitted individuals, and that all such information stored in electronic form shall be password protected.

## 5. USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS

(a) Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Confidential Information, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

(b) The submission of any materials designated as "CONFIDENTIAL" pursuant to this Protective Order to the court in the Litigation must comply with L.R. 79-5 *et. seq.* to the extent applicable. ~~If the materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no Court order is required. L.R. 79-5.2.1(a)(i). However, if the materials are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or proceedings, a Court order sealing the materials is required and~~

1  ~~may only be obtained by careful compliance with the procedures set forth in L. R.~~
2  ~~79-5 et. seq.~~

3  If either party seeks to file Confidential Information or disclose the contents of Confidential Information designated as such by the opposing Party as a basis for adjudication, the filing Party must meet and confer with the designating Party at least ten (10) calendar days prior to the intended filing date to offer the designating Party the opportunity to evaluate whether the designated materials fall within the parameters of L.R. 79-5.2.2(a), and to either (a) remove the "CONFIDENTIAL" designation, or (b) prepare a motion or application pursuant to L.R. 79-5.2.2(a).

The Parties understand that failure to comply with the procedural requirements of L. R. 79-5 *et. seq.* or failure to present evidence sufficient to support the findings set forth in L.R. 79-5.2.2(a) may result in the placement of Confidential Information in the public file. The Parties further understand that no sealing order will be issued solely on the basis of the existence and applicability of this Protective Order. L.R. 79-5.2.

## 6. DISCLOSURE FOR BUSINESS OR PERSONAL USE

This Protective Order shall not prevent the Parties from using or disclosing their own documents and other materials in any manner for any business or personal reason, notwithstanding their designation as Confidential Information subject to this Protective Order. The use or disclosure by a Party of its own documents or materials shall not terminate, waive or otherwise diminish in any way the status of such documents or materials as Confidential Information subject to this Protective Order.

## 7. INADVERTENT PRODUCTION OF CONFIDENTIAL, PRIVILEGED, OR OTHERWISE PROTECTED MATERIAL - CLAWBACK

(a) If any Producing Party inadvertently produces or discloses any "CONFIDENTIAL" information without marking it with an appropriate legend, the Producing or Designating Party shall promptly notify the Party receiving such

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

1   information ("Receiving Party") that the information shall be treated in accordance
2   with the terms of this Protective Order and shall forward appropriately stamped
3   copies of the items in question. Within five (5) days of the receipt of substitute copies,
4   the Receiving Party shall return the previously unmarked items and all copies thereof.
5   The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such
6   designation shall be made as soon as possible after the discovery of the inadvertent
7   production or disclosure.

8   (b) If any Party discloses Confidential Information to any person other than
9   in the manner authorized by this Protective Order, the party responsible for the
10  disclosure shall immediately, upon learning of such disclosure, inform the Producing
11  Party of all pertinent facts relating to the disclosure and make every reasonable effort
12  to retrieve the Confidential Information and to prevent any disclosure by each
13  unauthorized person. In no event shall good faith or inadvertent disclosure of the
14  Confidential material by a Receiving Party or counsel be the basis for any motion or
15  any other form of relief or of any other action, so long as the Receiving Party makes
16  every reasonable effort to retrieve the Confidential Information and prevent its
17  further dissemination or use. Nothing contained in this Protective Order shall limit in
18  any respect the Producing Party's rights or claims against any unauthorized person
19  who fails to return Confidential Information, or against any person who knowingly
20  disseminates or uses Confidential Information in violation of this Protective Order.

21  (c) Nothing in this Stipulated Protective Order shall require disclosure of
22  information which is protected by the attorney-client privilege, work product
23  immunity, or other privilege or immunity. The inadvertent production or disclosure
24  by a Producing Party of materials subject the attorney-client privilege, work-product
25  protection, or any other applicable privilege or protection ("Privileged Information"),
26  despite the Producing Party's reasonable efforts to prescreen such material prior to
27  production, will not waive the applicable privilege and/or protection, nor shall it
28  result in a subject-matter waiver, in this Litigation or in any other state or federal

proceeding, if a request for return of such inadvertently produced Privileged Information ("clawback") is made promptly after the Producing Party learns of its inadvertent production. The Producing Party need not provide the basis for its privilege assertion in its notice to a Receiving Party.

If a Receiving Party, upon review of materials produced to it, becomes aware that any portion of such material is protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Receiving Party shall promptly notify the Producing Party of the specific materials which could be so considered and will not use such materials for any purpose until the issue has been resolved by agreement of the Parties of by order of the Court. Each Receiving Party must immediately return such materials and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party, which shall instead be destroyed and certified as such by the Receiving Party.

## 8. MODIFICATION

Nothing in this Protective Order shall preclude any Party from applying to the Court to modify this Protective Order to provide additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Protective Order for good cause shown. In the event that documents or information that warrant heightened protection as for "Attorney's Eyes Only" are requested to be produced, the Parties agree to negotiate in good faith to modify this Protective Order to provide for such protection.

## 9. DISPOSITION OF MATERIALS AT CONCLUSION OF CASE

(a) All materials designated as "CONFIDENTIAL" shall remain in the possession of the counsel of record of the Party to whom such materials are produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of persons to whom disclosure may be made under paragraph 4(b) of this Protective Order, or for the purpose of submission to the Court under paragraph 5 of this Protective Order. Within sixty (60)

days after this action is concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom "CONFIDENTIAL" materials were produced shall, at the election of the Party receiving the materials, (a) return all documents and copies containing "CONFIDENTIAL" materials (including, but not limited to, copies in the possession or control of any expert or employee) to the Producing Party, or (b) promptly destroy all such materials and copies and provide a written certification under oath to the Producing Party and to any Designating Party to that effect.

### 10. RETENTION OF JURISDICTION

The Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out its terms.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated: September 19, 2025

By: */s/ Andrew Reissaus*

Andrew L. Reissaus (*pro hac vice*)
areissaus@hollingsworthllp.com
Matthew J. Malinowski (*pro hac vice*)
mmalinowski@hollingsworthllp.com
Shannon N. Proctor (*pro hac vice*)
sproctor@hollingsworthllp.com
Robert E. Johnston (*pro hac vice*)
rjohnston@hollingsworthllp.com
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, D.C. 20005
Telephone: (202) 898-5800
Fax: (202) 682-1639

Steven R. Platt (SBN 245510)
splatt@pmcos.com
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN, APC
515 South Figueroa Street, 8th Floor
Los Angeles, CA 90071-3325
Telephone: (213) 683-6500
Fax: (213) 683-6669

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

Dated: September 19, 2025

By: /s/ *Christopher Rodriguez*

Christopher Ross Rodriguez (SBN 212274)
(crodriguez@singletonschreiber.com)
Andrew Daniel Bluth (SBN 232387)
(abluth@singletonschreiber.com)
SINGLETON SCHREIBER LLP
1414 K Street, Suite 470
Sacramento, CA 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

Benjamin I. Siminou (SBN 254815)
Leslie A. Brueckner (SBN 140968)
SINGLETON SCHREIBER LLP
591 Camino De La Reina, Suite 1025
San Diego, CA 92108
Tel: (619) 704-3288
bsiminou@singletonschreiber.com
lbrueckner@singletonschreiber.com

*Attorneys for Plaintiffs*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED AS MODIFIED.**

DATED: 10/17/25

HON. JACQUELINE CHOOLJIAN
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I _____ [print or type full name] of _____ [print or type full address] hereby declare that (1) I understand that Discovery Materials designated "Confidential" may be provided to me under the terms and conditions and restrictions of the Protective Order dated  10/17/25 , issued by the Central District Court of California in the case of *Tara Tindle v. Novartis Pharmaceuticals Corporation*, Case No. 2:25-cv-01290; (2) that I have read the Protective Order in its entirety and understand its provisions; (3) that I agree to be bound by and comply with the Protective Order; (4) that I will not disclose Discovery Materials to others, except in accordance with the Protective Order; and (5) that if I fail to abide by the terms of the Protective Order, I can be subject to sanctions imposed by the Court, including sanctions by way of contempt of court.

    I further agree to submit to the jurisdiction of the Central District Court of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____,

_____
Signature

_____
Printed Name